UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


KEVIN DONALDSON,                    )        Case No.: 3:16 CV 755
                                   )
        Petitioner                 )
                                   )
        v.                         )        JUDGE SOLOMON OLIVER, JR.
                                   )
MICHELE MILLER,                    )
                                   )
        Respondent                 )        ORDER


On March 24, 2016, Petitioner Kevin Donaldson ("Petitioner" or "Donaldson") filed a

Petition for Writ of Habeas Corpus ("2254 Petition") (Pet., ECF No. 1) pursuant to 28 U.S.C. § 2254

in the above-captioned case, challenging his conviction and sentence on two counts of trafficking

in persons and two counts of promoting prostitution. As a result of the conviction, Petitioner was

sentenced to twelve years in prison. He argues that his § 2254 Petition should be granted based on

the following ground for relief and supporting facts:

> GROUND ONE:      Petitioner was denied his constitutional right to
>                  confront his accusers at trial.
>
> Supporting Facts: It was charged that Donaldson compelled two victims, Pirela
>                  and Negron, to engage in sexual activity for hire pursuant to
>                  O.R.C. 2905.32. His conviction was contingent upon the
>                  state proving he compelled (by threat or force) Negron and
>                  Pirela to engage in the sexual activity. Prior to trial, the state
>                  indicated it would prove the element of compulsion by
>                  introducing text messages between Donaldson and Pirela.
>                  Defense counsel objected. Without hearing any evidence of
>                  the conspiracy, or viewing the evidence the state sought to
>                  introduce, the court made a finding that the victims were co-
>                  conspirators and allowed the statements. The officers then
>                  testified as to hearsay statements including text messages

between Donaldson and Pirela and Negron.

The victims' statements were critical to the conviction. The text messages and statements made by Pirela and Negron to law enforcement were the only evidence of compulsion. It was improper to admit this evidence, depriving Donaldson of his right to confront his accusers.

(Pet. 7-8.)

Pursuant to Local Rule 72.2, the case was referred to Magistrate Judge William H. Baughman ("Magistrate Judge" or "Judge Baughman"), on May 12, 2016, for preparation of a Report and Recommendation ("R & R"). On August 29, 2016, Respondent Michele Miller ("Respondent") filed a Return of Writ, arguing that: (1) Donaldson had not fairly presented the one ground in his 2254 Petition to the appropriate state courts and, thus, his claim is procedurally defaulted; (2) Donaldson's argument that the state court improperly applied Rule 801(D)(2)(e) regarding co-conspirator statements is not cognizable on habeas corpus review because the admissibility of evidence is a state law issue; and (3) that the decision of the Ohio Court of Appeals was not contrary to clearly established federal law pertaining to the Confrontation Clause (ECF No. 11, at 11, 14, 16.)

On October 26, 2016, Donaldson filed his First Traverse to Return of Writ. (ECF No. 14.) In his traverse, Donaldson maintains that the Confrontation Clause issue was fairly presented to both the trial and appeals courts because questions of hearsay and the application of the hearsay rule are essentially challenges to the defendant's right to confront his accusers. (*Id*. at 8.) Further, because the evidentiary question also involves the denial of his right to confront his accusers, it is a cognizable claim for habeas review. (*Id*. at 10.) Donaldson also asserts that he is actually innocent

based on certain unsworn statements that were not presented at trial, and further claims that actual innocence is "an independent basis for habeas review." (*Id.* at 18.) In addition, Donaldson requested an evidentiary hearing. (*Id.* at 24.) However, as the evidentiary hearing was first requested in Donaldson's traverse, and not his original petition, Judge Baughman properly declined to consider the request. (R & R 9-10, ECF No. 15.)

On September 21, 2017, Judge Baughman submitted an R & R, recommending that Donaldson's §2254 petition be dismissed. (*Id.* at 24.) First, the Magistrate Judge recommends that Ground One be dismissed because it was not fairly presented to the Ohio courts as a federal constitutional claim, and further is not a cognizable basis for federal habeas review. (*Id.* at 21.) In addition, Judge Baughman recommends a finding that the unsworn testimony at issue here, which was not subject to cross-examination at trial, is not the kind of new, reliable evidence of actual innocence, not merely legal innocence, as would qualify for overcoming the procedural default in this case. (*Id.* at 24.)

As of the date of this Order, Petitioner has not filed objections to the R & R. By failing to timely object, Petitioner has waived the right to appeal this court's Order. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985)*; United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). After careful review of Judge Baughman's R & R and all other relevant documents in the record, the court finds no clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *Arn*, 474 U.S. at 150 ("It does not appear that Congress intended to require the district court review of a magistrate[] [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). Accordingly, the court adopts Judge Baughman's R & R in its entirety and hereby dismisses Donaldson's Petition for Writ of Habeas Corpus (ECF No. 1).

The court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT COURT

October 18, 2017